Robert Starr (183052)
robert@starrlaw.com
Adam Rose (210880)
adam@starrlaw.com
LAW OFFICE OF ROBERT STARR
23901 Calabasas Road, #2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

*Additional Counsel Listed*
*On Signature Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MCKNIGHT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TECHNOLOGY SOLUTIONS, INC. and DONIS SOLUTIONS, INC.,<br><br>    Defendants. | Case No.<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND<br><br>1. Fair Labor Standards Act<br>2. Work Expenditure Reimbursement<br>3. Unfair Competition<br>4. Wage Statement Penalty<br>5. Wage Violation<br>6. Meal and Rest Break Violation |

## I.     **INTRODUCTION**

1.     Plaintiff Charles McKnight ("Plaintiff") brings this case as a collective action under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and a class action under Rule 23 of the Federal Rules of Civil Procedure. As set forth below, Plaintiff worked as a cable TV installation and repair technician for the joint employer Defendants Technology Solutions, Inc. ("TSI") and Donis Solutions, Inc. ("Donis") (together, "Defendants"), out of Defendants' California garages in Riverside and San Luis Obispo. Although the work he performed for Defendants was that of an employee both under the FLSA and the Labor Code, he was improperly misclassified as an independent contractor (as were many other individuals similarly situated) and as a result, was unlawfully deprived of overtime, had unlawful deductions taken from his pay, was not given proper wage statements, meals, or rest breaks, and was forced to bear the expenses of his work in violation of the Labor Code sections 2802, 226, 512, and 226.7.

## II.     **JURISDICTION AND VENUE**

2.     The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §1331 in that this claim arises under the FLSA, and this Court has supplemental jurisdiction over the related state law claims. In addition, this court has jurisdiction over this matter under the Class Action Fairness Act in that the parties are citizens of different states, there are over a hundred class members in the class, and without the benefit of discovery, the amount in controversy exceeds $5 million.

3.     Venue is properly in the Central District of California, Eastern Division (Riverside) in that Defendants maintain a facility in Riverside, California and Riverside, California is the garage out of which Plaintiff worked, and is the location of many other technicians who would be members of the Classes (as defined below).

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### III.  **PARTIES**

4.      Plaintiff Charles McKnight is an adult resident of Murrieta, California (Riverside County).

5.      Defendant Technology Solutions, Inc. ("TSI") is a telecommunications company with a headquarters in the state of Illinois and which maintains work locations and offices in several communities in the state of California including Riverside, California.

6.      Defendant Donis Solutions, Inc. ("Donis") is a corporation with a headquarters in Illinois and which purports to utilize cable installation technicians in Riverside, California and other locations, along with TSI.

### IV.  **CLASS DEFINITIONS**

7.      Plaintiff brings this action as a collective action under § 216(b) of the FLSA, and as a class action under FED. R. CIV. P. 23.

8.      The collective action under the FLSA is on behalf of the following group:

> All individuals who worked as cable installation technicians for TSI and Donis, performing cable installation, repair, and related services in the United States within the last three years, and who were treated as independent contractors by TSI and/or Donis ("FLSA Class").

9.      The Rule 23 class action is on behalf of the following group:

> All individuals who worked as cable installation technicians for TSI and Donis, performing cable installation, repair, and related services in the state of California within the last four[1] years, and who were treated as independent contractors by TSI and/or Donis ("California Class").

10.     The FLSA Class and California Class are together referred to as the "Classes."

11.     Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

---

[1] The statute of limitations on Plaintiff's California Unfair Competition Law claim is four (4) years.

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

## V.   **STATEMENT OF FACTS**

12.     In or about June of 2014, Plaintiff Charles McKnight applied for and was hired by Defendant TSI to perform cable installation, repair, and related services for Defendant TSI at its San Luis Obispo location. Specifically, Plaintiff was hired to primarily perform cable TV and related services for one of TSI's large customers, Charter Communications, a large cable TV company which provides services to residential and business customers throughout the United States. After Plaintiff was hired by TSI, he was later informed that his pay would come from another company called Donis Solutions, Inc. and that Donis would be responsible for his actual paychecks. Plaintiff also received a multi-page document from Donis setting forth the terms of his work. Plaintiff was told that he would be classified as an independent contractor not as an employee.

13.     TSI and Donis are joint employers.  Upon information and belief, TSI and Donis have an arrangement whereby they jointly oversee the work of Plaintiff and the Classes and provide their compensation.

14.     At all times relevant to this Complaint, both TSI and Donis exerted significant control over Plaintiff and members of the Classes.

15.     TSI and Donis have the authority to determine the rates and methods of pay for Plaintiff and the Classes.

16.     Plaintiff and the Classes are economically dependent on both TSI and Donis. Donis issues Plaintiff and the Classes their pay stubs, and TSI directs and supervises the day to day work activities of Plaintiff and the Classes.

17.     Plaintiff and the Classes provide manual labor for TSI and Donis, and they are entirely dependent on TSI and Donis to provide them with compensation for that work.

18.      The work of Plaintiff and the Classes benefits both TSI and Donis, as both companies receive a profit from the labor provided by Plaintiff and the Classes.

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

19.     The work provided by Plaintiff and the Classes is integral to TSI's business, because Plaintiff and the Classes provide the very product that TSI sells in the marketplace.

20.     Plaintiff and the Classes perform work out of TSI's locations, and TSI has the power to hire and fire Plaintiff and members of the Classes.

21.     TSI maintains at least two large garages from which its technicians perform work in California including Riverside and San Luis Obispo. In addition, TSI maintains other locations throughout the United States where it also utilizes alleged independent contractors to perform similar if not identical work in other states within the United States including Colorado and Illinois.

22.     At the location where Plaintiff worked, TSI utilized both employee technicians who performed the same work as Plaintiff, and numerous so-called independent contractors who performed the identical work.

23.     When he applied for the job, Plaintiff contacted TSI, which in turn provided him with a hiring packet which on information and belief is the same hiring packet used by TSI's hourly employees.

24.     Only after he received his first paycheck did he realize that Donis issued his paychecks.

25.     While he was working for TSI, Plaintiff was required to wear the same TSI uniforms as employee technicians.

26.     Plaintiff and the other so-called independent contractor technicians utilized by TSI were permitted to use company trucks, with company lettering, but they had to pay rent for them.

27.     TSI controlled many aspects of Plaintiff's work and the work of all technicians performing work for TSI including but not limited to:

      a.   Plaintiff had to check in with TSI every morning and every evening;

      b.   TSI supervisors gave Plaintiff all of his work assignments;

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

c.  TSI tracked Plaintiff's whereabouts each day using a cell phone GPS application; and

d.  TSI maintained strict standards that if Plaintiff did not follow, such as less than 2% call-back rate, at least 90% quality control rating, money would be deducted from his pay, including chargebacks of approximately $60 for each purported infraction.

28.    Given the workload, Plaintiff and the other technicians were only able to work for TSI during the duration of their employment.

29.    Plaintiff and other so-called independent technicians there worked significant amounts of overtime.  Plaintiff typically worked 12 hours per day, 6 days per week.   On occasion, Plaintiff was also required to work a seventh day during the week.  Plaintiff observed other Class Members working similar schedules.

30.    Plaintiff recalls working 70 or more hours per week during many of the weeks that he worked between June 2014 and March 2015.  Plaintiff was not provided with any overtime compensation for the hours that he worked in excess of 40 each week.

31.    Plaintiff and all other so-called independent contractor technicians were paid on a piece rate basis. They received a specific amount for an installation and for trouble calls. None of the independent contractor technicians received any overtime compensation, and it was the company's uniform policy not to pay such contractor technicians overtime.

32.    In addition, Plaintiff was not reimbursed for any of his expenses including gas, mileage, maintenance, and the cost of tools.

33.    As large corporations that provide services across the United States, there is no question that Defendants have access to human resource expertise and legal counsel who can advise them on their FLSA and state law compliance obligations.

34.    TSI has specific knowledge of its obligations to properly pay its employees. Indeed, TSI was recently named in a class action lawsuit brought on behalf of individuals who

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

were classified as employees by TSI ("Non-Exempt Employees").   *See Morales v. Technology Solutions, Inc.*, No. 30-2015-00825385-CU-OE-CXC (Cal. Sup. Ct. 2015).   The *Morales* action alleges that TSI failed to properly compensate the Non-Exempt Employees, in violation of California Labor Laws.

35.    Defendants have acted willfully and/or with reckless disregard of the applicable FLSA and California regulations, by failing to properly compensate Plaintiff and the Classes for hours worked in excess of forty (40) during the workweek.

36.    Defendants failed to properly track, monitor or record the actual number of hours per day that Plaintiff and Class members worked, as required by the FLSA and California state law.   *See* 29 C.F.R. § 516.2(a)(7) and Cal. Labor Code § 226 (requiring employers to maintain and provide accurate wage statements).

37.    IWC Wage Order 4 applies to Plaintiff and the Class members.

## VI.    COLLECTIVE ACTION ALLEGATIONS

38.    Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class as defined above.

39.    Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

40.    Plaintiff and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked pursuant to Defendants' previously described common business and compensation practices as described herein, and, as a result of such practices, have been misclassified as independent contractors and have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common misclassification, compensation and payroll practices.

41.    Specifically, Defendants misclassified Plaintiff and the FLSA Class as independent contractors and paid them a set hourly rate.

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

42.     The similarly situated employees are known to Defendants, are readily identifiable, and can easily be located through Defendants' business and human resources records.

43.     Defendants employ many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. mail and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## VII.   CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the members of the California Class as defined above.

45.     The members of the California Class are so numerous that joinder of all members is impracticable.

46.     Plaintiff will fairly and adequately represent and protect the interests of the California Class because there is no conflict between the claims of Plaintiff and those of the California Class, and Plaintiff's claims are typical of the claims of the California Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

47.     There are questions of law and fact common to the proposed California Class, which predominate over any questions affecting only individual Class members, including (a) whether Plaintiff and Class Members are Defendants' employees rather than independent contractors under California law; (b) whether Defendants illegally deny Plaintiff and Class Members overtime compensation, meal breaks, and rest breaks; and (c) whether Defendants make unlawful deductions from Plaintiff's and Class Members' pay.

48.     Plaintiff's claims are typical of the claims of the California Class in the following ways: 1) Plaintiff is a member of the California Class; 2) Plaintiff's claims arise out of the same

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

policies, practices and course of conduct that form the basis of the claims of the California Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the California Class and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff and members of the California Class; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by members of the California Class.

49.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual Class members.

50.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The California Class is readily identifiable from Defendants' own employment records.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

51.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the members of the California Class, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

52.     Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the California Class.

53.     Plaintiff envisions no difficulty in the management of this action as a class action.

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

**FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT**

**Against All Defendants**

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     The FLSA requires that covered employees be compensated overtime pay for all hours worked over forty (40) hours at no less than one and a half (1 ½) times their regular rate of pay.  *See* 29 U.S.C. § 207.

56.     The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. 203(d).  The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. 203(g).

57.     Defendants are subject to the wage requirements of the FLSA because Defendants are "employers" under 29 U.S.C. § 203(d).

58.     At all relevant times, Plaintiff and the FLSA Class are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

59.     At all relevant times, Defendants are "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

60.     Plaintiff and the FLSA Class are not exempt from the requirements of the FLSA.

61.     Plaintiff and the FLSA Class are entitled to be paid overtime for hours worked over forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

62.     Defendants do not maintain accurate records of all hours that Plaintiff and the FLSA Class worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

63.     Defendants, pursuant to their policies and practices, knowingly failed to pay Plaintiff and the FLSA Class overtime compensation for all hours worked over forty (40) in a workweek in violation of 29 U.S.C. § 207.

64.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## SECOND CAUSE OF ACTION

### VIOLATION OF CAL. LAB. CODE § 2802

### Against All Defendants

65.     All previous paragraphs are incorporated as though fully set forth herein.

66.     Defendants' conduct, as set forth above, in misclassifying Plaintiff and the California Class, as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of Labor Code Section 2802.

## THIRD CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §17200, *ET SEQ*.

### Against All Defendants

67.     All previous paragraphs are incorporated as though fully set forth herein.

68.     Defendants' conduct, as set forth above, violates the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated Labor Code Section 2802. As a result of Defendants' unlawful conduct, Plaintiff and California Class Members suffered injury in fact and lost money and property, including, but not limited to business expenses that Plaintiff and the California Class were required to pay.

69.     Pursuant to California Business and Professions Code § 17203, Plaintiff and California Class Members seek declaratory and injunctive relief for Defendants' unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5,

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff and California Class Members who worked for Defendants are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CAL. LAB. CODE § 226

### Against All Defendants

70.     All previous paragraphs are incorporated as though fully set forth herein.

71.     Pursuant to California law, Defendants were and/or are the employers of Plaintiff and the California Class and purposefully misclassified them as independent contractors.

72.     Cal. Lab. Code § 226 states that every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

73.     Defendants unlawfully failed to provide Plaintiff and the California Class with accurate itemized wage statements in writing showing gross wages earned, total hours worked, deductions, net wages earned, pay period, the name of the employee and the last four digits of his or her social security number, the legal name of the employer, and all applicable hourly rates.

74.     Plaintiff and the California Class "suffered injury" as defined in Cal. Lab. Code § 226 (as amended effective January 1, 2013) because they were not provided with a complete and accurate wage statement.  The injuries suffered by Plaintiff and the California Class were as a result of Defendants' knowing and intentional failure to comply with Cal. Lab. Code § 226(a).

75.     Accordingly, Plaintiff and the California Class are entitled to recover fifty dollars ($50) for the initial pay period in which a violation of § 226 occurred, and one hundred dollars for each violation of § 226 in a subsequent pay period, not to exceed a penalty of four thousand dollars per member of the class.

### FIFTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES PURSUANT TO CAL. LABOR CODE §§ 204, 510, AND 1194

#### Against All Defendants

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     Labor Code § 510 entitles non-exempt employees to one and one-half times their hourly pay for any and all hours worked in excess of eight hours in any work day, for the first eight hours worked on the seventh consecutive day of work in a work week, and for any work in excess of forty hours in any one work week. Plaintiff and the California Class regularly worked in excess of eight hours per day and/or forty hours per week without overtime compensation.

78.     By failing to pay overtime compensation to Plaintiff and the California Class, Defendants violated and continues to violate Labor Code §§ 204, 510 and 1194.  As a result of

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Defendants' unlawful acts, Plaintiff and the California Class Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE MANDATED MEAL PERIODS PURSUANT TO LABOR CODE§§ 226.7 AND 512

### Against All Defendants

79.    All previous paragraphs are incorporated as though fully set forth herein.

80.    Defendants failed to provide meal breaks as required by Labor Code§§ 226.7 and 512. Plaintiff and the California Class have worked in excess of five hours and at times ten hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code§§ 226.7 and 512. *See Brinker Restaurant Corp., et al. v. Superior Court* (2012) 53 Cal. 4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so ... [A] first meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

81.    Because Defendants failed to provide proper meal periods, they are liable to Plaintiff and the California Class for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code§§ 226.7 and 512, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Civil Procedure Code§ 1021.5.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims.

## PRAYER FOR RELIEF

14
CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A.   An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.   An order authorizing prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to be sent to all potential FLSA Class members;

C.   An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the California Class;

D.   Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.   Compensatory, consequential, general, special, and liquidated damages to the fullest extent permitted under the law;

F.   Civil penalties to the fullest extent permitted under the law;

G.   Injunctive relief to the fullest extent permitted under the law;

H.   Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

I.   Such other and further relief as this Court deems just and proper.

Dated:   January 26, 2016                    Respectfully submitted,

                                             CHARLES MCKNIGHT, individually and on
                                             behalf of all others similarly situated,

                                             By their attorneys,

                                              /s/ Robert Starr_____


                                             Shanon J. Carson (PA 85957)*
                                             Sarah R. Schalman-Bergen (PA 206211)*
                                             Alexandra K. Piazza (PA 315240)*
                                             BERGER & MONTAGUE, P.C
                                             1622 Locust Street
                                             Philadelphia, PA  19103
                                             Telephone: (215) 875-3000
                                             Facsimile: (215) 875-4604

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Harold Lichten*
Jill Kahn*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
jkahn@llrlaw.com

Edward A. Wallace*
Wexler Wallace LLP
55 W. Monroe St. Ste. 3300
Chicago, IL 60603
Telephone: (312) 346-2222
eaw@wexlerwallace.com

*Pro Hac Vice application to be filed.

Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND